
UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHARTIS SPECIALTY INSURANCE COMPANY** *f/k/a* American International Specialty Lines Insurance Company,<br><br>                    Plaintiff,<br><br>         v.<br><br>**AMERICAN CONTRACTORS INSURANCE COMPANY RISK RETENTION COMPANY RISK RETENTION GROUP, HOFFMAN CORPORATION** and **HOFFMAN CONSTRUCTION COMPANY OF OREGON**,<br><br>                    Defendants. | Civil Case No. 3:13-CV-01669-KI<br><br>OPINION AND ORDER |

Matthew J. Fink *(pro hac vice)*
Charles A. Hafner *(pro hac vice)*
Nicolaides Fink Thorpe
Michaelides Sullivan, LLP
71 S. Wacker Drive, Suite 4400
Chicago, IL  60625

Page 1 - OPINION AND ORDER

>Christopher J. Nye
>Reed McClure
>Two Union Square
>601 Union Street, Suite 1500
>Seattle, WA  98101-1363
>
>>Attorneys for Plaintiff
>
>Michael E. Farnell
>Parson Farnell & Grein, LLP
>1030 SW Morrison Street
>Portland, Oregon  97205
>
>Patrick J. Wielinski
>Cokions, Bosien & Young
>105 Decker Court, Suite 800
>Irving, Texas  75062
>
>>Attorneys for Defendants

KING, Judge:

This is an insurance coverage dispute in which I allowed Hoffman Corporation and Hoffman Construction Company of Oregon (collectively, "Hoffman") to intervene as a defendant.  Before the court is Chartis Specialty's 12(b)(1) and 12(b)(6) Motion to Dismiss Hoffman's Counterclaims [36].

## ALLEGED FACTS

Plaintiff Chartis Specialty Insurance Company issued a commercial umbrella liability insurance policy to Hoffman and a group of developers of a mixed-use, multi-unit condominium complex, the Meriwether Condominiums ("Developers").  Defendant American Contractors Insurance Company Risk Retention Group ("ACIC") issued a commercial general liability policy to Hoffman and the developers for the same project.

The Meriwether Condominium Owners Association ("Association") sued the Developers for building defects. ACIC undertook defense of the case. Chartis and ACIC disagreed on whether more than one occurrence took place; the ACIC policy has a $2 million each occurrence limit of liability and a $4 million aggregate limit of liability, inclusive of retentions owed. To settle the underlying case, ACIC paid $1.8 million and Chartis paid $1.6 million, subject to a reservation of rights. Chartis then filed the federal case to determine the number of occurrences and, if successful in proving multiple occurrences took place, obtain a refund of the amount it paid in settlement.

In its counterclaim, Hoffman alleges the ACIC policy requires payment of a $500,000 indemnity retention and a $250,000 allocated loss adjustment expense (primarily defense costs), both on a per occurrence basis. Hoffman is solely responsible for paying these retentions for each occurrence under the ACIC policy.

Hoffman alleges Chartis breached the contract by wrongfully asserting it was not responsible for any portion of the settlement because the claims involved multiple occurrences. Hoffman alleges it was damaged because it is responsible for the payment of an additional $750,000 in retentions if there were multiple occurrences, as Chartis insisted when negotiating its reservation of rights in the settlement.

## LEGAL STANDARDS

To establish standing under Article III of the Constitution, a party must show "(1) injury in fact; (2) causation; and (3) likelihood that the injury will be redressed by a favorable decision." Native Vill. of Kivalina v. ExxonMobil Corp., 696 F.3d 849, 867 (9th Cir. 2012) (internal quotation omitted), cert. denied, 133 S. Ct. 2390 (2013). When analyzing a motion to dismiss for

lack of standing, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the nonmoving party's favor. Id.

Although a plaintiff need not allege detailed facts, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The Court is required to "assume the veracity" of all well-pleaded factual allegations. Id. at 678.  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

## DISCUSSION

Chartis argues Hoffman has no standing because its claims rest on the rights of other parties, namely the Developers to whom Chartis allegedly breached duties to defend and indemnify.  Chartis relies on the fact that the Association sued only the Developers and not Hoffman.  Because Hoffman was not even potentially liable in connection with the underlying claims, Chartis argues Hoffman has no standing to assert any claims against Chartis in connection with the settlement of those claims.  Chartis characterizes Hoffman's interests as indirect pecuniary interests arising solely out of a separate contractual agreement with ACIC. Chartis additionally argues Hoffman's damages are derivative of ACIC's liability under its policy

covering the Developers, and Hoffman will not be damaged unless the court determines in the future that the claims involve multiple occurrences.

Hoffman contends it is advancing its own direct financial interest based on its possible obligation to pay an additional $750,000 retention and to receive benefits under the Chartis policy. Hoffman notes it effectively contributed to the settlement through its obligation to pay the first $500,000 of the ACIC policy limits, even though it was not a party to the lawsuit. Hoffman insists Chartis breached its duty to properly evaluate the coverage under its policy and protect against the potential liability of all of its insureds.

I first note I am unpersuaded by Chartis' argument that Hoffman should be required to prove it must pay retentions to ACIC. This is a motion to dismiss; Hoffman's allegations are sufficient at this stage of the litigation.

Chartis relies heavily on G & S Holdings LLC v. Cont'l Cas. Co., 697 F.3d 534 (7th Cir. 2012), in which the owners and affiliated companies of an insured company, GSMC, sued the insurer, alleging they were adversely affected by the insurer's failure to timely pay GSMC adequate sums under the policy for damage caused by an explosion at its plant. The plaintiffs alleged GSMC experienced financial difficulties because of the late and inadequate insurance payments, and the plaintiffs were adversely affected by losing business with GSMC. Id. at 537. The court held the injury to plaintiffs was derivative of the injury suffered by GSMC, and only GSMC had standing to bring the claim as the party to whom the insurer owed the duty. Id. at 542.

The situation here is different from G & S Holdings, in which the financial interest was attenuated and based on GSMC being unable to continue in business. Here, Hoffman was obligated to pay toward the settlement of the underlying claims, even though it was not sued, and

Page 5 - OPINION AND ORDER

may be obligated to pay a second retention amount if I conclude there were multiple occurrences. Hoffman's allegations are adequate for me to conclude its claims are sufficiently direct to establish standing and are not derivative of the claims of the Developers. The allegations provide enough facts to state a plausible claim. For these reasons, I will allow Hoffman to continue in the case.

## CONCLUSION

Chartis Specialty's 12(b)(1) and 12(b)(6) Motion to Dismiss Hoffman's Counterclaims [36] is denied.

IT IS SO ORDERED.

Dated this      29th      day of April, 2014.

　　　　　　　　　　　　　　　　　　　　 /s/ Garr M. King
　　　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　　　United States District Judge

Page 6 - OPINION AND ORDER