UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**CHARTIS SPECIALTY INSURANCE COMPANY,** f/k/a American International Specialty Lines Insurance Company,

            Plaintiff,

   v.

**AMERICAN CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, HOFFMAN CORPORATION,** and **HOFFMAN CONSTRUCTION COMPANY OF OREGON**,

            Defendants.

Case No. 3:13-CV-01669-KI

OPINION AND ORDER ON SUPPLEMENTAL CROSS-MOTIONS FOR SUMMARY JUDGMENT

    Matthew J. Fink
    Charles A. Hafner
    Nicolaides Fink Thorpe
    Michaelides Sullivan LLP
    71 South Wacker Drive, Suite 4400
    Chicago, IL 60625

Page 1 - OPINION AND ORDER

Christopher J. Nye
Reed McClure
Two Union Square
601 Union Street, Suite 1500
Seattle, WA 98101-1363

      Attorneys for Plaintiff

Michael E. Farnell
Ian Hale
Parsons Farnell & Grein, LLP
1030 SW Morrison Street
Portland, OR 97205

Patrick J. Wielinski
Cokinos, Bosien & Young
105 Decker Court, Suite 800
Irving, Texas 75062

      Attorneys for Defendants

KING, Judge:

This is an insurance coverage dispute between Chartis Specialty Insurance Company ("Chartis") and American Contractors Insurance Company Risk Retention Group ("ACIG"), both of which provided insurance policies covering the development of the Meriwether Condominium Complex. Hoffman Corporation and Hoffman Construction Company of Oregon (collectively, "Hoffman") successfully intervened as defendants in this dispute and filed counterclaims against Chartis. I previously resolved the parties' cross-motions for partial summary judgment, in favor of ACIG and Hoffman and against Chartis, on the sole issue of whether more than one "occurrence" "caused" the "property damage." The parties have filed supplemental cross-motions for summary judgment to resolve the case once and for all.

For the following reasons, I grant in part Chartis' Motion for Summary Judgment, grant in part defendants' motion for declaratory judgment, and deny Hoffman's Motion for Summary Judgment on its breach of contract claim.

## BACKGROUND

Chartis issued a Commercial Umbrella Policy to Hoffman and a group of developers ("Developers") who were building a mixed-use, multi-unit condominium complex called the Meriwether Condominiums. The Chartis Policy provides coverage for "those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay by reason of liability imposed by law . . . because of . . . Property Damage . . . that takes place during the Policy Period and is caused by an Occurrence happening anywhere in the world." Chartis Policy 46. The "Retained Limit" is $2 million per occurrence with a $4 million aggregate limit.

ACIG issued a Commercial General Liability Policy to Hoffman and the developers for the same project. The ACIG Policy provides coverage for "'property damage' . . . caused by an 'occurrence'" in an amount of $2 million for each occurrence. ACIG Policy 29. Its products-completed operations aggregate limit is $4 million. For each "occurrence," Hoffman is required to pay a retention of $500,000 in indemnity and $250,000 in defense costs.

The Meriwether developed structural problems, triggering a lawsuit by the Meriwether Condominium Owners Association against the Developers in 2011.[1]

---

[1] The Owners Association also filed with Arbitration Services an arbitration statement of claim containing similar allegations.

ACIG and Chartis together paid $3.6 million to settle that lawsuit in February 2013. ACIG paid $2 million and Chartis paid $1.6 million with a reservation of rights to seek reimbursement from ACIG.

Chartis then sought a declaratory judgment that the property damage alleged in the lawsuit was caused by more than one "occurrence," such that the ACIG Policy should have been exhausted up to the $4 million aggregate limit; Chartis alleged it should be reimbursed the $1.6 million it paid to help settle the lawsuit.[2]  ACIG denied the allegations and alleged several affirmative defenses. It did not assert a counterclaim.

I permitted Hoffman to intervene in the case.  Hoffman filed a breach of contract counterclaim and a counterclaim for a declaratory judgment against Chartis.  Hoffman's breach of contract counterclaim alleges:

> 91.  The Chartis Policy is a valid and enforceable contract between Chartis and Hoffman, among others.
>
> 92.  The damages alleged by the Association as part of the Claims against the Developers involve only a single "occurrence," or must be treated as involving only one occurrence under the facts and circumstances that existed when the Claims were resolved.
>
> 93.  Pursuant to the Chartis Policy and applicable law, Chartis had a duty to indemnify or otherwise pay all amounts required to compromise the damages alleged by the Association as part of the Claims in excess of the Schedule of Retained Limits of the Chartis Policy.
>
> 94.  The Schedule of Retained Limits of the Chartis Policy provides for Retained Limits of "$2M OCC/$4 AGG Each Occurrence."

---

[2]Chartis also alleged claims for equitable subrogation and reimbursement, equitable contribution and reimbursement, and unjust enrichment, all claims based on its interpretation of the Chartis Policy.

Page 4 - OPINION AND ORDER

  95. The Chartis Policy defines the relevant portions of the term, "occurrence," as an "accident, including continuous or repeated exposure to conditions, which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the Insured. All such exposure to substantially the same general conditions shall be considered as arising out of one Occurrence."

  96. Chartis breached this duty by wrongfully asserting that it is not responsible for any portion of the settlement because the Claims involved multiple "occurrences" under the ACIG Policy and therefore the entire $4,000,000 aggregate limit of the ACIG Policy was triggered, and by otherwise attempting to improperly interpret and allocate the settlement amounts paid in ways detrimental to Hoffman, ACIG and others.

  97. The breach by Chartis of its Policy damages Hoffman in that $2,000,000 per "occurrence"/$4,000,000 aggregate limits of the ACIG Policy are inclusive of a $500,000 per "occurrence" retention as to indemnity and a $250,000 retention as to defense costs, and Hoffman is solely responsible for the payment of any and all retentions owed under the ACIG Policy.

  98. All conditions, including any conditions precedent, required of Hoffman by the ACIG Policy and the Chartis Policy have been satisfied, or have been waived or otherwise excused by the actions of ACIG and Chartis.

  99. Hoffman is entitled to recover its attorney fees relating to this matter pursuant to ORS 742.061.

Hoffman's counterclaim for a declaratory judgment incorporates the allegations above, and then reports "[a]n actual and justiciable controversy exists between the parties as to whether . . . the Claims involved multiple 'occurrences' such that the Retained Limits of the Chartis Policy were not satisfied, entitling Chartis to repayment[.]" Hoffman Answer and Countercl. ¶ 105. Additionally, "[a] judicial declaration as to the parties' respective rights and duties is thus necessary and appropriate at this time." Id. at ¶ 107. Hoffman also seeks its attorney fees pursuant to ORS 742.061.

On cross-motions for summary judgment on the sole issue of whether more than one "occurrence" "caused" the "property damage," I issued an Opinion and Order on August 12, 2014 concluding the property damage at the Meriwether Condominium Complex was caused by a single occurrence.

After I issued that opinion, ACIG filed an unopposed amended answer alleging a counterclaim, in relevant part, as follows:

> 89. Eventually, however, Chartis Specialty agreed to conditionally pay $1,600,000 toward the settlement of the remaining damages alleged by the Association as part of the Claims, but only on the condition that ACIG agree to allow Chartis Specialty to reserve its right to argue that (1) the Claims involved multiple occurrences such that ACIG was responsible for the payment of at least $4,000,000 before Chartis Specialty was required to pay any amount, (2) Chartis was not obligated to pay $1,600,000 toward the settlement, and (3) Chartis was entitled to recoup its conditional payment of $1,600,000 from ACIG and, because of the above-referenced per "occurrence" deductible, from Hoffman.
>
> 90. Chartis Specialty and ACIG entered into an agreement whereby Chartis Specialty and ACIG would be allowed to litigate the single issue of whether or not the Retained Limits of the Chartis Policy had been exhausted by payments made toward the damages alleged by the Association as part of the Claims.
>
> 95. Under the Chartis Policy, and pursuant to its other terms, conditions and provisions, Chartis Specialty is obligated to unconditionally pay all damages in excess of "the limits listed in Schedule of Retained Limits and then up to the amount not exceeding the Each Occurrence Limits as stated in the Declarations."
>
> 98. An actual and justiciable controversy exists between the parties as to whether, under all of the facts and circumstances, the Claims involved a single "occurrence" such that the Retained Limits of the Chartis Policy were satisfied and Chartis Specialty is obligated to pay $1,600,000 toward the settlement of the damages alleged by the Association against the Developers as part of the Claims.
>
> 99. A judicial declaration as set forth in the preceding paragraph, as well as the parties' other respective rights and duties under the two insurance policies at issue, is thus necessary and appropriate at this time.

ACIG Am. Answer and Countercl.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Service, Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

## DISCUSSION

As an initial matter, Chartis stipulated that my August 12, 2014 ruling resolves all of its claims against defendants. As a result, ACIG and Hoffman are entitled to summary judgment dismissing Counts I through IV of Chartis' Complaint.

Chartis, however, disputes that ACIG and Hoffman are entitled to declaratory judgment in their favor, or that Hoffman is entitled to judgment on its breach of contract claim. The parties have filed cross-motions for summary judgment on those remaining claims.

I.  Declaratory Judgment

The Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction . . . any court of the United
> States, upon the filing of an appropriate pleading, may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not
		further relief is or could be sought.

28 U.S.C. § 2201(a).

However, federal courts lack jurisdiction "[i]f an event occurs during the pendency of the [case] that renders the case moot." Ctr. for Biological Diversity v. Lohn, 511 F.3d 960, 963 (9th Cir. 2007). "When a plaintiff seeks declaratory relief . . . 'the test for mootness . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. (quoting Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1174-75 (9th Cir. 2002) (internal quotation mark omitted; second ellipsis in original). "Stated another way, the central question . . . is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc) (internal quotation marks removed).

　　A.　　ACIG's Request for Declaratory Judgment

ACIG contends it is entitled to a declaration–as it requested in its Amended Answer and Counterclaim filed after my August 12, 2014 ruling–that the Chartis Policy obligates Chartis to pay $1.6 million unconditionally toward the $3.6 million settlement.

ACIG's new demand for declaratory relief is moot because, before it filed its request for declaratory relief, I interpreted the insurance policy language in its favor. Ctr. for Biological Diversity, 511 F.3d at 963 (facts alleged must show substantial controversy between parties). Due to the favorable disposition I reached on ACIG's motion, before ACIG filed a counterclaim

Page 8 - OPINION AND ORDER

for declaratory judgment, there is no longer any controversy between the parties to warrant the declaration ACIG belatedly requests.

   B.  <u>Hoffman's Request for Declaratory Judgment</u>

Different from ACIG's counterclaim, however, Hoffman's counterclaim was live at the time the parties' filed their initial summary judgment briefing. Just as my ruling on the issue of single versus multiple occurrences results in a dismissal of Chartis' four claims, so does my ruling result in a judgment in favor of Hoffman on its request for declaratory judgment.[3]

Contrary to Chartis' argument, the legality of its conditional settlement, which permitted it to seek reimbursement from ACIG thus creating the possibility that Hoffman would pay additional retentions, was not an "'abstract dispute about the law' that is '"removed from any concrete actual or threatened harm[.]"' Chartis Mem. in Supp. of Summ. J. 6 (quoting <u>Alvarez v. Smith</u>, 558 U.S. 87, 92 (2009)). Rather, as Hoffman alleges in its Counterclaim and consistent with my August 12, 2014 Opinion and Order, Hoffman is entitled to a declaration that the underlying claims involved a single occurrence, the Retained Limits of the Chartis Policy were satisfied, and Chartis is not entitled to repayment. <u>See, e.g.</u>, Hoffman Answer ¶ 105.[4]

Chartis contends Hoffman's declaratory judgment action never posed an actual controversy because Hoffman was not a party to the underlying lawsuit brought by the Owners

---

[3]Had Chartis won on the issue of single versus multiple occurrences, I would be entering a declaratory judgment in its favor.

[4]In their briefing, defendants ask for a declaration that Chartis is required to unconditionally pay $1.6 million toward the settlement, which is subtly different from a declaration that Chartis is not entitled to recover the settlement funds. The language in Hoffman's counterclaim controls.

Association and because it never requested coverage from Chartis. Chartis paid the settlement and never attempted to recoup those funds from any of its insureds, including Hoffman.

Chartis has litigated this issue at length (in its objection to Hoffman's intervention and in its motion to dismiss) and I continue to disagree. Hoffman's dispute with Chartis was about Chartis' interpretation of its Policy naming Hoffman as an insured–an interpretation which directly affected whether Hoffman was obligated to pay retentions under the ACIG Policy using its own money. Hoffman intervened and sought a declaration to protect its own interest. Its interest in resolving the question of the number of occurrences constitutes just as much of an actual controversy as Chartis' demand for the contrary declaration against ACIG.

Hoffman is entitled to a declaration as it requested in its counterclaim that the claims alleged in the underlying case involved a single occurrence, the Retained Limits of the Chartis Policy have been satisfied, and Chartis is not entitled to repayment of the $1.6 million it paid toward the settlement of the Owners' Association's lawsuit.

II.     Breach of Contract

Chartis and Hoffman have filed cross-motions for summary judgment on Hoffman's breach of contract counterclaim against Chartis. After considering the parties arguments, I conclude I must dismiss Hoffman's claim because Hoffman cannot show it suffered any actual damage from any breach of the Chartis Policy. Since my ruling about the number of occurrences was in Hoffman's favor, it is not obligated to pay any additional retentions for any additional occurrences. "[P]roof of damages is an essential element of a breach of contract action." Rizo v. U-Lane-O Credit Union, 178 Or. App. 498, 501, 37 P.3d 220 (2001); Moini v. Hewes, 93 Or. App. 598, 602, 763 P.2d 414 (1988) ("Damage is an essential element of any breach of contract

Page 10 - OPINION AND ORDER

action."); see also Lance & Linda Neibauer Joint Trust ex rel. Lance Neibauer v. Kurgan, No. 6:14-cv-01192-MC, 2014 WL 7251526, at * 4 (D. Or. Dec. 16, 2014); Parvin v. CNA Fin. Corp., 6:10-cv-06332-TC, 2013 WL 5530618 (D. Or. Oct. 4, 2013).

Hoffman cites authority for the proposition that it is entitled to nominal damages should it prove a breach of contract. See Schafer v. Fraser, 206 Or. 446, 486-87, 290 P.2d 190 (1955); Spence v. Allen, 199 Or. 255, 261, 260 P.2d 949 (1953) ("It is a general principle of law that if an agreement is alleged together with the breach thereof, damages are presumed to flow from this breach.").

Even assuming Hoffman could obtain nominal damages, I conclude they would not serve any useful purpose and would not be appropriate here. Kulm v. Coast-to-Coast Stores Central Org., Inc., 248 Or. 436, 443, 432 P.2d 1006 (1967) (nominal damages serve no purpose "[w]here neither (1) danger of prescription nor (2) substantial loss or injury nor (3) willful wrongdoing by defendant are established"); Dean Vincent, Inc. v. Krimm, 285 Or. 439, 445, 591 P.2d 740 (1979) (nominal damages not appropriate when plaintiff suffered no injury from breach), disavowed on other grounds by Illingworth v. Bushong, 297 Or. 675, 688 P.2d 379 (1984), overruled on other grounds by Ditommaso Realty, Inc. v. Moak Motorcycles, Inc., 309 Or. 190, 785 P.2d 343 (1990).

As a result, Chartis is entitled to summary judgment dismissing Hoffman's breach of contract counterclaim.

III.     ACIG's Request for Attorney Fees

Chartis seeks summary judgment on ACIG's attorney fees demand, a demand which ACIG makes under ORS 742.061. ORS 742.061 provides for the recovery of attorney fees in an

Page 11 - OPINION AND ORDER

action on an insurance policy or contractor's bond.  The court is required to award reasonable attorney fees so long as:

> settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action . . . .

ORS 742.061(1).

Regardless of whether ACIG is entitled to judgment on its claim for declaratory judgment, as an insurer it is not entitled to recover attorney fees from Chartis as a matter of law. Certain Underwriters at Lloyd's London and Excess Ins. Co., Ltd. v. Mass. Bonding and Ins., 235 Or. App. 99, 230 P.3d 103 (2010) (no right to attorney fees in equitable contribution claim between insurers, where no subrogation or assignment at issue).  ACIG relies on a case that is no longer good law to suggest insurers are not precluded from recovering attorney fees under the statute.  See Webb v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 207 F.3d 579, 584 (9th Cir. 2000), superseded by Mass. Bonding, 235 Or. App. 99.  The other cases ACIG cites permit an insurer to obtain attorney fees when the insurer is standing in the shoes of the insured or is enforcing the insured's contractual rights.  See Maine Bonding & Cas. Co. v. Centennial Ins. Co., 64 Or. App. 97, 103, 667 P.2d 548 (1983), aff'd, 298 Or. 514, 693 P.2d 1296 (1985) (excess insurer's subrogation action against primary insurer for failure to settle); Sch. Dist. No. 1, Mult. Cnty. v. Mission Ins. Co., 58 Or. App. 692, 719, 650 P.2d 929 (1982) (insurer recovered as "subrogee of the insured's interests"); Fick v. Dairyland Ins. Co., 42 Or. App. 777, 601 P.2d 868 (1979) (attorney fees recovery to assignee of insured's rights); Nw. Marine Iron Works v. W. Cas. & Sur. Co., 45 Or. App. 269, 272, 608 P.2d 199 (1980) (judgment creditor entitled to

attorney fees). ACIG is not standing in the shoes of any insured, has not received an assignment from any insured, and is not a judgment creditor. Chartis is entitled to summary judgment on ACIG's request for attorney fees.

## CONCLUSION

For the foregoing reasons, I grant in part Chartis' Motion for Summary Judgment [70] and dismiss Hoffman's breach of contract counterclaim and ACIG's amended counterclaim for declaratory judgment and attorney fees. I deny Hoffman's Motion for Summary Judgment on its Breach of Contract Claim [72]. I deny in part and grant in part defendants' Motion for Summary Judgment on all Claims Asserted by Chartis and for a Declaration of Chartis' Obligation [71]; I dismiss all of Chartis' claims and grant Hoffman's counterclaim for a declaratory judgment.

The parties are directed to submit a proposed form of judgment by February 10, 2015.

IT IS SO ORDERED.

DATED this   27th   day of January, 2015.

                                                                         /s/ Garr M. King
                                                                         Garr M. King
                                                                         United States District Judge